Nov. Term,
1825.

CRAWFORD
v.
HARVEY.

---

### CRAWFORD and Others *v.* HARVEY.

The defendant, in an action on a usurious contract, not being able to prove the usury, had judgment against him. He afterwards filed a bill in chancery for discovery and relief. *Held*, that the bill, in such case, must show the principal and lawful interest to have been paid or tendered; and, in the case of a tender, the money must be brought into Court.

A usurious contract is not void by the statute of this state: no interest can be recovered, but the principal may.

*Monday,*
*November* 14.

ERROR to the *Wayne* Circuit Court.

HOLMAN, J.—Bill in chancery charging that *Harvey*, at seve-

ral times, lent money to *J. Crawford* at usurious interest; and from time to time, from the year 1815 to the year 1822, gave further time of payment for said sums of money, in consideration of usurious interest; that several notes were given, on one of which for 200 dollars, in which the complainants *H. Bryan* and *W. Crawford* are joined with *J. Crawford*, the defendant brought suit and recovered judgment at law. The bill sets forth several payments, and charges that the whole amount of the money originally borrowed was paid to *Harvey* before the commencement of the suit at law, except 20 dollars or thereabouts; which balance, and all that is due of the same, was tendered to said *Harvey* before the filing of this bill; but he refused to receive the same. The bill further charges, that the complainants could not defend themselves at law for the want of testimony, and prays an injunction, a discovery, and relief. The defendant demurred, the demurrer was sustained, and the bill dismissed.

Without adverting to any other point in the case but the tender said to have been made of the balance of the money borrowed, we are clearly of opinion that the complainants have not shown themselves entitled to the prayer of the bill. The whole case rests upon their claim to a discovery, and to this they are not entitled without first doing equity, by a payment or tender of the principal and legal interest. This position is incontrovertibly settled. See *Rogers* v. *Rathbun*, 1 Johns. C. R. 367.—*Tupper* v. *Powell*, ib. 439.—*Bosanquett* v. *Dashwood*, Cas. temp. Talb. 38.—*Browning* v. *Morris*, Cow. 792.—*Fitzroy* v. *Gwillim*, 1 T. R. 153.—*Chauncey* v. *Tahourden*, 2 Atk. 393.—*Suffolk* v. *Green*, 1 Atk. 450.—7 Bac. 203 (1). It is true that our statute differs from the law under which those decisions were made. The *British* and *New-York* statutes declare the whole of the usurious contract to be void. Our statute permits the recovery of the principal, but not of the interest, consequently the loss to be sustained in this state, by a discovery of the usury, is not so great as in *England* or *New-York*; but the principle is the same. By disclosing a usury here, the defendant forfeits the legal interest; and this interest should be secured to him, either by payment or a legal tender, before he can be compelled to make the disclosure. The charge in the bill, purporting to set forth a tender, is altogether insufficient. Independently of the vague terms used in stating the amount said to be due, there are two conclusive reasons to show its in-

Nov. Term, sufficiency: 1st, it only purports to show a tender of the money
1825.       borrowed without the legal interest; and 2dly, the tender is not
———         followed by a bringing of the money into Court. We have there-
Shelby      fore no hesitation in deciding, that the complainants have not
v.          shown themselves entitled to the interference of the chancellor.
Marshall.

*Per Curiam.*—The decree is affirmed with costs.

*Ray*, *Wick*, and *M'Kinney*, for the plaintiffs.

*Rariden*, for the defendant.

(1) Courts of law have frequently decided, that if the principal and le-
gal interest of a usurious bond have been paid, the money cannot be reco-
vered back, though by statute such bond be void. But the usurious inte-
rest may be recovered back, in an action for money had and received;
provided the principal and legal interest be paid. *Smith* v. *Bromley*, Doug.
696, n.—*Palmer* v. *Lord*, 6 Johns. C. R. 95, 100.—*Wheaton* v. *Hibbard*, 20
Johns. R. 290.

The *English* Court of Common Pleas, in which a judgment had been enter-
ed on a warrant of attorney, refused to set aside the judgment on the ground
of usury, unless the defendant paid the principal and legal interest. *Hindle*
v. *O'Brien*, 1 Taunt. 414. The Court of King's Bench, however, has disap-
proved of this case, and set aside a judgment of that kind, without requiring
such payment: the Court saying it had no authority to impose such terms.
*Roberts* v. *Goff*, 4 Barn. & Ald. 92.